**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4364
_____

FRANCIS XAVIER MCGRAW,

Appellant,

v.

COMMISSIONER SOCIAL SECURITY

_____

Appeal from the United States District Court
for the District of New Jersey
(No. 1:13-cv-04774)
District Judge:  Honorable Noel L. Hillman

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 20, 2015

Before:  FISHER, CHAGARES, and COWEN, <u>Circuit Judges</u>.

(Filed:  May 1, 2015)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

CHAGARES, Circuit Judge.

Francis McGraw appeals the District Court's decision affirming the denial of his application for Disability Insurance Benefits and Supplemental Security Income. For the following reasons, we will affirm the decision of the District Court.

I.

We write solely for the parties and therefore recite only the facts necessary to our disposition. McGraw suffers from ulcerative colitis and an unspecified anxiety disorder. One of his doctors, Richard Simon, completed a medical statement that indicated that McGraw had pain present at a level that would prevent him from performing normal, full-time work activities two to four times per month, though Dr. Simon also noted that his evaluation was based on "history only." The remainder of McGraw's medical record was fairly sparse, notwithstanding his testimony that he suffered from ulcerative colitis from fifteen years. He submitted a short expert report from Dr. Joshua P. Desipio before his hearing and attempted to submit another report from a Dr. Kapoor after the hearing had ended. McGraw also submitted a description of his daily activities, which included driving, attending to his personal needs, completing daily household chores, and taking care of his handicapped father.

He filed a claim for benefits on February 9, 2010, alleging a disability onset date of April 30, 2006, later amended to January 2, 2008. His claim was denied on September 29, 2010. After a reconsideration request was denied, he requested a hearing in front of an Administrative Law Judge ("ALJ"), who issued an unfavorable decision on all of his claims on April 30, 2012.

2

He sought review of that decision in the District Court, which issued a final order affirming the ALJ's decision on September 29, 2014. This appeal followed.

## II.

The District Court had jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), and we have jurisdiction pursuant to 28 U.S.C. § 1291. On appeal from a district court's decision affirming a Social Security Administration ("SSA") denial of benefits, we have plenary review of legal questions and we review the ALJ's findings of fact for substantial evidence. See 42 U.S.C. § 405(g); Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999). The substantial evidence standard is deferential and considers whether there is sufficient "relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005) (quotation marks omitted). It is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence." Id. (quotation marks omitted).

## III.

McGraw raises four objections to the District Court's decision. First, he contends that the District Court erred in holding that the Commissioner met its burden of proving that McGraw has residual functional capacity to perform work available in the national economy. See Wallace v. Sec'y of Health & Human Servs., 722 F.2d 1150, 1153 (3d Cir. 1983) (holding that the burden is on the SSA to show residual functional capacity). McGraw's main argument is that the ALJ found that McGraw had the capacity to perform "medium" work but the Commissioner's Vocational Expert only testified about

3

the availability of sedentary jobs. According to McGraw, the ability to perform medium work does not encompass the ability to perform sedentary work where his ability to perform medium work is circumscribed by non-exertional limitations, in this case a need to be close to a restroom.

Our review is limited to whether the ALJ's decision that McGraw had sufficient residual functional capacity to perform work available in the national economy is supported by substantial evidence. We hold that it is. The ALJ found that McGraw had only mild restrictions in his activities of daily living and some moderate difficulties in "concentration, persistence or pace." Appendix ("App.") 30. These findings were consistent with the evidence presented, which showed, among other things, that McGraw continued to work full time after the onset of his allegedly disabling condition. The ALJ also specifically asked the Vocational Expert whether jobs were available in the national economy for someone with McGraw's specific limitations and accepted the expert's testimony that there were. The fact that the examples given were sedentary, rather than "medium," is of no moment. See Zirnsak v. Colvin, 777 F.3d 607, 618 (3d Cir. 2014) (noting that jobs listed by vocational experts are meant to be "representative examples— not an exhaustive list—of jobs that the claimant was capable of performing").

McGraw's second objection is that the ALJ erred by failing to consider what he refers to as Dr. Simon's "progress notes." The ALJ's opinion indicates that he examined all the evidence presented by Dr. Simon but ultimately gave his report little weight. See Fargnoli v. Massanari, 247 F.3d 34, 42 (3d Cir. 2001) (holding that, while the ALJ must consider the medical records presented by the claimant, "we do not expect the ALJ to

4

make reference to every relevant treatment note"). McGraw's contention amounts to little more than a disagreement with the ALJ's conclusion, which we find to be supported by substantial evidence. The ALJ considered Dr. Simon's limited history of treating McGraw, his lack of specialization in the relevant field, and the contrary conclusions of other medical experts. We cannot say that the ALJ's decision to give Dr. Simon's report relatively less weight was unsupported. Instead, his ultimate conclusion was supported by sufficient evidence "as a reasonable mind might accept to support a conclusion." Rutherford, 399 F.3d at 552 (quotation marks omitted).

McGraw's third objection is to the ALJ's failure to discuss a brief report from Dr. Joshua P. Desipio supporting a finding of disability. We have vacated the decisions of ALJs where they failed to discuss significant, probative evidence. See, e.g., Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 122 (3d Cir. 2000). The report that the ALJ failed to cite here confirms McGraw's ulcerative colitis diagnosis and states that he had two colonoscopies in the past. But the ALJ concluded that McGraw had ulcerative colitis and that he was severely impaired, so on this point Dr. Desipio's report was cumulative. McGraw contends that the report rebuts the argument that his condition was relatively well managed and support his contention that his symptoms had worsened in the months leading up to the report. However, Dr. Desipio only saw McGraw once and his sole basis for concluding that McGraw's symptoms had recently worsened was McGraw's own statements. The ALJ had the opportunity to hear McGraw's same statements about his symptoms and evaluate his credibility at the hearing, and the report therefore added nothing that the ALJ had not already taken into account. Thus, even assuming the failure

5

to cite and discuss Dr. Desipio's report was error, it was harmless. See Rutherford, 399 F.3d at 553 (holding error that would not affect the outcome of the proceeding was harmless).

McGraw's fourth objection is that the ALJ erred by failing to consider evidence that McGraw attempted to introduce after the hearing ended, namely, a prior report from a Dr. Kapoor from December 1998. He cites our decision in Wallace v. Bowen, 869 F.2d 187 (3d Cir. 1989), for the proposition that this was error. In Wallace, this Court considered whether the Government could introduce post-hearing reports, and we held that it could not do so without providing the claimant an opportunity for cross-examination of any such report. Wallace, 869 F.2d at 191. We also noted that such post-hearing evidence "is frequently proffered by the claimant in support of his or her claim." Id. Nowhere in our opinion, however, did we suggest that the ALJ is required to consider such evidence, and indeed, we emphasized that the ALJ had discretion as to whether to do so. Id. at 193 (noting that an opportunity for cross-examination must be provided "when an administrative law judge chooses to go outside the testimony adduced at the hearing" (emphasis added)). And, in any event, McGraw fails to explain how consideration of the late-filed evidence would have altered the ALJ's decision, especially considering the doctor's report he wished to have considered antedated the alleged onset of disability by almost ten years.

IV.

For the foregoing reasons, we will affirm the District Court's judgment.

6